IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHARLES GRENVELL FORAKER ) | Case No. 05-48884-ABF |
| ) | |
| Debtor. ) | |
| ) | |
| JAYNE LANGHAM, ) | Adversary No.05-4167-ABF |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHARLES GRENVELL LANGHAM, ) | |
| ) | |
| Defendant. ) | |

ORDER DETERMINING DISCHARGEABILITY OF
MARITAL OBLIGATIONS

This action by debtor's ex-wife seeks a determination of nondischargeability as to obligations arising out of the dissolution of the party's marriage. There is no dispute that the child support obligations of debtor are nondischargeable in this proceeding. There is also no dispute that the attorney fees obligations of debtor have been satisfied in full. The dispute here relates to three obligations. The first is a debt of $30,000.00, represented by a promissory note now held by plaintiff, which debtor was assigned to pay in the dissolution proceeding. The second represents an obligation in the amount of $100,000.00 to "compensate Petitioner [Plaintiff] for quitting her job, sacrificing her career, cashing in her retirement and promoting the Respondent's [Debtor's] career. The third is an obligation in the amount of $20,000.00 which the state court found was necessary to "accomplish an equitable distribution of property."

The Bankruptcy Appellate Panel for the Eighth Circuit, in the case of *Scholl v. McLain (In re McLain），* 241 B.R. 415, 419 (B.A.P. 8th Cir. 1999), set out five factors to be considered in determining whether an obligation arising out of a dissolution proceeding is in the nature of alimony:

1. The income and needs of the parties at the time of the decree;

2. Whether the obligation terminates on death or remarriage;

3. The number and frequency of payments;

4. The tax treatment of the obligation; and

5. The label given the obligation in the decree.

This was a contested dissolution proceeding. The state court specifically found that plaintiff does earn sufficient income to provide for her reasonable needs, and that neither party is entitled to receive maintenance from the other. Further, the obligations do not terminate upon death or remarriage. In addition, as to the $100,000.00 and $20,000.00 obligations, there is no payment schedule. Plaintiff testified that as to the $30,000.00 obligation, debtor has been making monthly interest payments, but the decree does not set out a schedule for the making of such payments.

Based on the above and foregoing factors, I find that the obligations in the amount of $100,000.00, $20,000.00, and $30,000.00 referenced herein are in the nature of property division, and are not maintenance or support. Therefore, debtor's obligations as to those amounts are dischargeable in a Chapter 13 case, provided debtor is able to confirm a Chapter 13 Plan, and make all payments necessary under such Plan to obtain a discharge.

It is therefore, ORDERED as follows:

1. Any obligations of the debtor-defendant to plaintiff for child support are nondischargeable in this Chapter 13 proceeding; and

2. The obligations of debtor to plaintiff in the amount of $30,000.00, $20,000.00, and $100,000.00 as referenced in the Second Amended Judgment of Dissolution of Marriage *Nunc Pro Tunc,* entered May 30, 2002, are dischargeable in this Chapter 13 proceeding; and

3. Each party to bear its own costs.

The Clerk of Court shall enter judgment accordingly.

IT IS SO ORDERED.

        /s/ Arthur B. Federman  
           Bankruptcy Judge

Date: January 25, 2006.

** CLAY BARTON IS DIRECTED TO SERVE PARTIES OF INTEREST NOT RECEIVING ELECTRONIC NOTICE **